IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:15-CV-03141-MDH |
| | ) | |
| GAVIN LITTLE | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 61). The Magistrate Judge recommended that Defendant's conditional release be revoked and that Defendant remain committed under 18 U.S.C. § 4246. Defendant has filed exceptions, and the matter is ripe for review.

Defendant was originally committed under § 4246 on August 31, 2015. (Doc. 12). He was conditionally released on January 20, 2017. (Doc. 19). On August 24, 2017, the Court revoked his first conditional release for violating the terms of his release. (Doc. 35). On that same date, Plaintiff moved the Court to again conditionally release Defendant. (Doc. 36). On September 12, 2017, the Court ordered his second conditional release. (Doc. 42).

On March 29, 2018, Plaintiff arrested and returned Defendant to the USMCFP after he violated the conditions of his release by consuming alcohol and absconding from his treatment facility. On May 25, 2018, Plaintiff filed a motion to revoke the Defendant's conditional release. (Doc. 46). Plaintiff stated that Defendant had violated the conditions of his release and that his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another. *Id.* at 2.

1

A forensic psychological report assembled be a panel of four medical professionals and dated May 7, 2018, diagnosed Defendant with schizophrenia, in full remission, antisocial personality disorder, and alcohol and cannabis use disorders. (Doc. 46-1 at 15). The panel stated that Defendant had a history of violence, mental illness, and substance abuse, and was at an elevated risk for committing further violence. *Id.* at 16. The panel noted Defendant's excessive and compulsive substance abuse as a risk factor for re-offending. *Id.* at 17. The panel concluded that Defendant currently suffers from a mental disease, as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another and recommended he be committed under 18 U.S.C. § 4246. *Id.*

On Defendant's request, Dr. Shawna Baron, Psy.D., evaluated Defendant and submitted a report dated August 24, 2018. (Doc. 54). She diagnosed him with schizophrenia in remission, antisocial personality disorder, and alcohol and cannabis use disorders. (Doc. 54 at 7). Dr. Baron opined that despite the possibility that Defendant's substance abuse might increase his risk for future violence, the risk could be effectively mitigated by placing him in a residential substance abuse treatment program. (Doc. 54 at 8). Dr. Baron stated that, for this reason, Defendant did not meet the criteria for commitment under § 4246.

The Magistrate Judge held a hearing on October 4, 2018. (Doc. 58). Both the panel and Dr. Baron submitted testimony that was duplicative of their respective reports. The Court also heard testimony from Angie Conover, a social worker at USMFP, and the Defendant himself. Ms. Conover testified that Defendant's first release was to a halfway house that did not provide mental health treatment. (Doc. 60 at 44). His second release was to a residential substance abuse treatment center, although that center refused to accept him because of his sex offender status. *Id.* at 45. He was eventually placed in an outpatient treatment center that provides the "top level" of supervision

and structure available. *Id.* at 46-48. After being returned to the USMCFP, the Plaintiff could not find an inpatient treatment center that would accept him. *Id.* at 49. Ms. Conover stated that "residential substance abuse treatment is hard to find" and that for sex offenders like Defendant it is even harder to find. *Id.* at 57.

The Defendant testified that he knows he suffers from mental diseases and that he would comply with any treatment. *Id.* at 76-77. He stated he would not be a danger to other people or their property if released. *Id.* at 77-78.

The Magistrate Judge in his report found that Defendant violated the conditions of his release by not complying with the prescribed regimen of care. (Doc. 61 at 10). Specifically, he found that on March 3, 2018, Defendant left his treatment facility without authorization and that his blood alcohol content was measured at 0.17 percent, and that his conditions of his release include not using alcohol and complying with his treatment regimen. *Id.* The Magistrate Judge further found that remanding Defendant to custody was appropriate in light of his violation. *Id.* at 11. The Magistrate Judge found that his actions indicate that he is unable to control his substance abuse disorder and that his continued release would thus be a danger to the community. *Id.*

The Magistrate Judge considered the report of the panel more credible than the report of Dr. Baron. *Id.* at 12. The Magistrate Judge noted that it was inconsistent for Dr. Baron to recommend Defendant's unconditional release in light of her finding that his substance abuse increased his risk for future violence, given his long history of non-compliance with treatment and his extensive history of substance abuse. *Id.* The Magistrate Judge concluded that in light of Defendant's failure to comply with treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another and that he thus met the criteria for commitment under § 4246(f). *Id.* at 12-13.

Defendants excepts to the portion of the report finding that Defendant failed to comply with his prescribed regimen of care, and the portion finding that in light of that failure, Defendant's continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another. (Doc. 64 at 3). Defendant claims that the Magistrate Judge's findings are not supported by the documentary or testimonial evidence in the record and that his finding is contrary to his own testimony. *Id.*

The Court has carefully reviewed the record and all of the evidence in this case. The Court first notes that Defendant's testimony is at odds with the overwhelming weight of the other evidence in the record, including Defendant's own past behavior. Second, the Court notes that Dr. Baron's opinion that the Defendant does not meet the criteria for commitment under § 4246(f) because his dangerousness might be mitigated if he was in an intensive residential treatment program is of no moment. Plaintiff has been unable to place Defendant in a residential program, and Defendant has demonstrated time and time again his inability to receive treatment in an outpatient or halfway house-type setting.

The Court finds that a preponderance of evidence supports the Magistrate Judge's conclusion that the Defendant violated the terms of his release. The Court further finds by a preponderance of the evidence that, in light of Defendant's failure to comply with the prescribed regiment of treatment, his unconditional release would create a substantial risk of bodily injury to another person or serious damage to the property of another. The Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge and **REJECTS** Defendant's Exceptions. The Court **GRANTS** Plaintiff's Motion for Revocation of Conditional Release (Doc. 46) and orders that the Defendant be committed to the custody of the attorney general for hospitalization

and treatment in a suitable facility under 18 U.S.C § 4246(f). The Conditional Release Order entered by this Court on September 12, 2017 (Doc. 42), is **REVOKED**.

    **IT IS SO ORDERED**.


DATED: March 28, 2019

                        */s/ Douglas Harpool*
                        **DOUGLAS HARPOOL**
                        **UNITED STATES DISTRICT JUDGE**