# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:15-CV-03141-MDH |
| ) | |
| GAVIN LITTLE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Government's Motion for Conditional Release. (Doc. 67). Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the government's motion was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b).

The Magistrate Judge conducted a hearing on August 20, 2019, and submitted a report and recommendation to the undersigned. (Doc. 72). Parties have agreed to waive the statutory 14 day waiting period in which to file exceptions. Therefore, the matter is ripe for review. After a review of the record before the Court, the Court agrees with the report and recommendation issued by the United States Magistrate Judge, and in accordance with such:

It is hereby **ORDERED** that the report and recommendation (Doc. 71) of the United States Magistrate Judge is **ADOPTED** and that the government's Motion for Conditional Release (Doc. 67) is **GRANTED.**

It is further **ORDERED** that Defendant be, and is hereby, conditionally released pursuant to Title 18 U.S.C. § 4246(e) under the following conditions as recommended by M.D. Smith, Warden, and David Costello, LCSW, Defendant's social worker (Doc. 67-2):

1. Defendant shall reside at the residence of Patty Christiansen located at 415 Strife! Rd., Ft. Totten, ND 58335. He shall remain at said residence at the direction of the U.S. Probation Officer. Any change from this residence shall be approved by the U.S. Probation Office in advance.

2. Defendant shall be supervised by U.S. Probation and follow all instructions given by the supervising Probation Officer.

3. Defendant shall actively participate in, and cooperate with, a regimen of mental health care, drug and alcohol treatment, and psychiatric aftercare as directed by the U.S. Probation Officer and administered by the treating mental health provider. This is to include his voluntary admission to an inpatient facility for stabilization should it be deemed necessary. He shall follow all the rules, regulations and instructions of the treatment staff and comply with the treatment regimen recommended.

4. Defendant shall continue to take such medication, including injectable units, as shall be prescribed for him by the medical provider.

5. Defendant shall waive his rights to confidentiality regarding his chemical dependency, mental health and sex offender treatment/counseling in order to allow sharing of information with the supervising U.S. Probation Officer and treatment providers, who will assist in evaluating his ongoing appropriateness for community placement.

6. Defendant shall refrain from the use of alcohol and illegal drug usage, as well as the abuse of over-the counter medications, and submit to random urinalysis testing as warranted by treating mental health staff and/or the probation officer. This also includes participating in substance abuse treatment as deemed necessary.

7. Defendant shall not have in his possession at any time actual or imitation firearms or other deadly weapons and he may not write, say or communicate threats. He shall submit to a warrantless search on request of his U.S. Probation Officer or any law enforcement officer of his person or property for the purpose of determining compliance with this provision and shall permit confiscation of any such contraband.

8. Defendant, at the discretion of his supervising probation officer, may be directed to participate in the location monitoring program and abide by all requirements of the program. The location monitoring program will include electronic monitoring, which may comprise a component of global positioning (GPS). Defendant must review and sign a location monitoring program agreement provided by the probation office and follow the procedures specified by the probation officer. At the discretion of the supervising probation officer, Defendant may be directed to pay a portion or all costs associated with the use of electronic monitoring.

9. Defendant's employment shall be screened by the U.S. Probation officer and in consultation with the treatment provider. Defendant's employers will be notified of his relevant risk factors as determined by the U.S. Probation officer.

10. Annual reports will be written by the U.S. Probation Office regarding the status of Defendant's conditional release. The report shall be submitted to the Legal Department at USMCFP Springfield, Missouri, for filing with the court.

**IT IS SO ORDERED.**

DATED:   August 29, 2019

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**